(89 South. 713)

## SIMON et al. v. STILL. (6. Div. 457.)

(Supreme Court of Alabama. May 19, 1921. Rehearing Denied June 23, 1921.)

**Trial ☞133(2)—Refusal to exclude improper remarks of counsel held error.**

In an ejectment action, where defendant was not claiming through a tax title, but through mortgage foreclosure, it was reversible error to refuse to exclude from the jury a remark by plaintiff's attorney that defendant was engaged in the "nefarious business of buying up tax titles," though court explained the issue before the jury, and stated that one buying up tax titles legitimately and within the law had a lawful right to engage in that business.

Appeal from Circuit Court, Jefferson County; Romain Boyd, Judge.

Action of ejectment by Sophia Still against A. C. McGuire, as tenant, and defended by E. I. Simon, as landlord. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

R. L. Williams and C. B. Powell, both of Birmingham, for appellants.

Counsel discuss many of the issues presented by the assignments of error, with citation of authority, but in view of the opinion, it is not deemed necessary to set out any of them, except those cited to the proposition that the court erred in refusing to exclude from the jury the remarks of counsel alluded to in the opinion. In support of that proposition they cite the following: 184 Ala. 496, 63 South. 470; 184 Ala. 413, 63 South. 554; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 2 Ala. App. 281, 56 South. 742; 196 Ala. 520, 71 South. 695; 198 Ala. 168, 73 South. 456; 73 South. 747.

W. T. Edwards and Beddow & Oberdorfer, all of Birmingham, for appellee.

The record justified the court in declining to fix the action requested by counsel relative to the business of buying tax titles. 128 Ala. 305, 30 South. 676; 137 Ala. 206, 33 South. 863; 135 Ala. 609, 33 South. 683; 104 Ala. 472, 16 South. 538; 200 Ala. 258, 76 South. 24; 16 Ala. App. 470, 79 South. 144.

THOMAS, J. The action, in the nature of ejectment, resulted in a verdict and judgment for the plaintiff.

There are assignments of error based on rulings on introduction of evidence that may not arise on another trial, and we do not deem them of such importance as to require discussion in detail now.

In the closing argument plaintiff's attorney stated to the jury:

"This record shows that he [defendant E. I. Simon] engaged in the nefarious business of buying up tax titles and doing it under cover of another man."

The attorney for the defendant said:

"I ask the court to exclude the statement and to reprimand the counsel for stating that buying tax titles is a nefarious business because it tends to prejudice the jury, and that it is a statement that is not correct, is not true, and that any man has a right to buy tax titles and it is not a nefarious business, and there is no evidence in here that there is a tax title because your honor excluded it."

Plaintiff's attorney stated:

"My conclusion as to what his business is: The jury knows whether I am in legitimate hands [bounds] when I say that."

Defendant's counsel stated:

"Let's get a ruling on that. The business of buying tax titles is not a nefarious business, and there is no evidence in this case. It was excluded absolutely on their objection. There is no question of a tax title in this case."

Whereupon the court stated:

"The case is going to be submitted to the jury on the mortgage and the title through the mortgage and not through tax title. The only testimony I recall in here that defendant had ever bought tax titles there was some testimony that Mr. Simon bought some tax titles."

Plaintiff's attorney replied to the court:

"He said he gave him (Bains) $5,000 in 1912 to buy up tax titles."

Defendant's attorney stated to the court:

"He says that the business of buying tax titles which is provided for by law is a nefarious business as though a man was committing a crime. It is an argument that ought to be excluded from the jury and is improper and tends to prejudice the case and made for that purpose. I don't know any more forceful word to use against a lawbreaker."

The court said:

"I will make this statement, that if a man buys tax titles legitimately and is within the law that he has, of course, a lawful right to engage in that kind of business. Now I decline to charge the jury further."

To which the defendant's attorney inquired:

"Your honor declines to exclude the remark from the jury?"

The court said:

"Yes; I decline to take further action than the statement I have just made to the jury."

Defendant's attorney said:

"Well, we reserve an exception. Understand your honor does not exclude the remark."

The court said: "No."

The court then gave the oral charge, in which no reference was made to a tax title

and in which the issue as defined to the jury showed that neither party claimed under such title. The question was not covered by special charges.

The foregoing statement of fact by plaintiff's counsel in argument to the jury was without sufficient justification as disclosed by the evidence, and not within the issues of fact presented by the pleading. It was immaterial whether Mr. Simon bought other lands at tax sales during the year 1912, or at other times, how much he paid therefor, or that he operated through Mr. Bains or Bains Bros. The cross-examination of Mr. Bains as to the purchase of tax titles generally for Mr. Simon at the time indicated was irrelevant. That no objections and exceptions were made and taken to such cross-examination did not warrant the argument that Mr. Simon was engaged in the "nefarious business" of buying tax titles; and when this statement of fact by counsel is considered with the evidence and the issues defined by the court—that defendant was not claiming through a tax title, but through a mortgage by plaintiff and husband and its due foreclosure—the action of the court, merely explaining the issues and declining to exclude from the jury the improper remarks, resulted in prejudicial error.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.